KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-2757
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGELIO PEREZ-GONZALEZ,<br><br>Defendant. | Criminal Case No. 08CR1138-BTM<br><br>**RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**<br><br>**(1) TO COMPEL DISCOVERY**<br>**(2) DISMISS THE INDICTMENT DU TO IMPROPER GRAND JURY INSTRUCTIONS**<br>**(3) PRODUCE GRAND JURY TRANSCIPRTS**<br>**(4) SUPPRESS STATEMENTS**<br>**(5) TO FILE FURTHER MOTIONS**<br><br>Date: May 27, 2008<br>Time: 1:30 p.m.<br>Court: The Hon. Barry Ted Moskowitz |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Response and Opposition to Defendant's Motions to Compel Discovery and File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

//

//

**I**

**STATEMENT OF FACTS**

**A.     Defendant's Arrest**

On March 14, 2008, Border Patrol Agent Victor Sivilli responded to a seismic sensor activation at 10:30 a.m. near Barrett Honor Camp, which is approximately 10 miles north and 5 miles west of the Tecate, California Port of Entry. Upon arriving at the area of the seismic alert, Agent Sivilli observed 13 individuals. He then radioed to Agents Taras Zacharko and John Tedford. Agents Zacharko and Tedford arrived and identified themselves in English and Spanish as Border Patrol agents. All individuals, including one later identified as Rogelio Perez-Gonzalez, admitted to being citizens and nationals of Mexico without documentation allowing them to legally enter or remain in the United States.

Defendant was transported to the Brown Field Border Patrol Station for processing. He was read his Miranda rights, and invoked his right not to speak to agents without an attorney present. All questioning ceased.

**B.     Defendant's Criminal and Immigration History**

Defendant was convicted on April 20, 2007, in the California Superior Court, for Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), Domestic Battery with Injury in violation of California Penal Code Section 273.5, False Imprisonment with Violence in violation of California Penal Code Section 236, and Exhibiting a Deadly Weapon in violation of California Penal Code Section 417, for which he received a term of imprisonment of two years. Defendant also sustained a felony conviction in August, 2004, in the California Municipal Court for Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377, for which he received a custodial sentence of 120 days.

Defendant was convicted in September, 2003, in the California Municipal Court for Disturbing the Peace, in violation of California Penal Code Section 415(2), for which he was sentenced to 20 days jail and two years probation. Finally, Defendant was convicted in August, 2003, for Possession of Burglary Tools, in violation of California Penal Code Section 466, for which he received a term of imprisonment of 8 days.

Defendant has been removed on at least four prior occasions. Defendant was ordered removed by an Immigration Judge on October 31, 2003, and was most recently removed on February 26, 2008, just two weeks before he was found in the United States.

## II

## DEFENDANT'S MOTIONS TO COMPEL DISCOVERY

On March 25, 2008, the Government provided Defendant with 33 pages of discovery, which included reports from the apprehending agency and documentation regarding Defendant's criminal history.

**(1)     Defendant's Statements**

The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to Defendant the substance of Defendant's oral statements and written statements. (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.) The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date, including his statements to Immigration Officials when he was taken into Immigration custody as well as his statements during his Immigration hearing. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided.

However, the Government objects to providing Defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made available to Defendant.

//

//

**(2)    Arrest Reports, Notes, and Dispatch Tapes**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case. The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16(a)(1)(A) and (B).[1] The Government has no objection to the preservation of the agents' handwritten notes. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, as explained above, the Government objects to providing Defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made available to Defendant.

**(3)    Brady Material**

The Government has and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been

---

[1] Defendant requests arrest reports and sworn statements pursuant to Rule 16(a)(1)(B) & (C). Rule 16(a)(1)(C) pertains to organizational defendants, which, to the Government's knowledge, Defendant is not. The Government, therefore, interprets this as a request pursuant to Rule 16(a)(1)(A) and (B).

different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).  The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam).  Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over.  See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).    Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that it "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(4)    Information That May Result in a Lower Sentence Under the Guidelines**

The Government will provide Defendant with all Brady material that may result in mitigation of Defendant's sentence.  Nevertheless, the Government is not required to provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to her sentencing date.  See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

**(5) & (6)      Defendant's Prior Record and Prior Bad Acts**

The Government has provided Defendant with a copy of his known prior criminal record and, consequently, has fulfilled its duty of discovery under Rule 16(a)(1)(D)[2/].  See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).  The Government is attempting to obtain certified copies of

---

[2/]    Defendant requests his prior record pursuant to Rule 16(a)(1)(B).  Rule 16(a)(1)(B) pertains to written or recorded statements, not criminal records. The Government, therefore, interprets this as a request pursuant to Rule 16(a)(1)(D).

1 documents pertaining to Defendant's criminal record in France. If the Government does obtain any
2 additional documentation pertaining to Defendant's prior convictions or any criminal history in the
3 United States or elsewhere, the Government will provide those to Defendant.

4 The Government will disclose in advance of trial the general nature of any "other bad acts"
5 evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Evidence
6 should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence
7 concerning the other bad acts and the evidence concerning the crime charged are "inextricably
8 intertwined." United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

**(7)     Evidence Seized**

10 The Government has complied and will continue to comply with Rule 16(a)(1)(E)[3] in allowing
11 Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized
12 that is within its possession, custody, or control, and that is either material to the preparation of
13 Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at
14 trial, or was obtained from or belongs to Defendant.

**(8)     Request for Preservation of Evidence**

16 The Constitution requires the Government to preserve evidence "that might be expected to play
17 a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). To
18 require preservation by the Government, such evidence must (1) "possess an exculpatory value that was
19 apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be
20 unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper
21 v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001). The relevant evidence in this case is documentary
22 in nature and is maintained in his A-file, which is preserved and maintained by the Department of
23 Homeland Security in the normal course of business. Any failure to gather and preserve evidence,
24 however, would not violate due process absent bad faith by the Government that results in actual
25 prejudice to the Defendant. See Illinois v. Fisher, 540 U.S.1174, 124 S.Ct. 1200 (2004) (per curiam);

---

[3]     Defendant requests discovery regarding evidence seized pursuant to Rule 16(a)(1)(C).
28 Rule 16(a)(1)(C) pertains to organizational defendants, not tangible evidence. The Government,
therefore, interprets this as a request pursuant to Rule 16(a)(1)(E).

Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**(9)     Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E)[4/] in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy documents and tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

Defendant requests that the United States provide him with the opportunity to view the Alien Registration File ("A-File"). The United States objects to this request. This information is equally available to Defendant through a Freedom of Information Act request. Even if Defendant could not obtain the A-File through such a request, the A-File itself is not discoverable under Rule 16, Brady or any other constitutional or statutory provision. The United States will disclose A-file documents it intends to use in its case-in-chief. The United States will also disclose A-file documents that constitute Brady material and A-file documents that fall under Rule 16.

Although the United States will disclose relevant A-file *documents*, the A-file itself need not be disclosed. The A-File contains information that is not discoverable like internal government documents and witness statements. *See* Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to production until after the witness for the United States testifies and provided that a proper motion is made by Defendant. *See* Fed. R. Crim. P. 16(a)(2) and 26.2. Defendant does not own the A-File, rather, it is an agency record. *Cf.* United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997) (noting that A-File documents are admissible as public records). Of course, should the Court order inspection of relevant documents from the A-File, the United States will facilitate the inspection.

---

[4/]     Defendant requests his prior record pursuant to Rule 16(a)(1)(c). Rule 16(a)(1)(C) pertains to organizational defendants, not tangible objects. The Government, therefore, interprets this as a request pursuant to Rule 16(a)(1)(E).

7                Criminal Case No. 08CR1138-BTM

**(10) & (111)   Evidence of Bias or Motive to Lie and Impeachment Evidence**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie. The Government is not aware of any evidence of any bias or motivation to lie on the part of prospective government witnesses. If the Government discovers the existence of information related to a government witness's bias or motive to lie, the information will be provided to the Defendant.

**(12)   Evidence of Criminal Investigation of Any Government Witness**

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief.

**(13)   Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

**(14)   Witness Addresses**

The Government has already provided Defendant with reports which contain the names and telephone numbers of the inspectors, officers and special agents involved in arresting and interviewing Defendant. In its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). The Government strenuously objects to providing the home addresses to Defendant. In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to

1 trial. United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992); (citing United States v. Steel, 759
2 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996); see also
3 United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990) (holding that United States did not improperly deny
4 defendant access to government witnesses whose telephone numbers and addresses the government
5 refused to provide because defendant knew the identities of the government witnesses and presumably
6 knew their telephone numbers or could have contacted them through the exercise of due diligence).

7 **(15)    Name of Witnesses Favorable to the Defendant**

8 The Government is not aware of the names of any witnesses favorable to the Defendant's case,
9 other than those individuals that supported him at his immigration hearing, whose names already been
10 disclosed. If the Government discovers any additional witnesses favorable to Defendant, the names of
11 such witnesses will be promptly provided.

12 **(16)    Statements Relevant to the Defense**

13 The Government will provide all statements relevant to Defendant as required by Rule 16,
14 Brady, and Jencks. The Government is not all possible information and evidence regarding any
15 speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam)
16 (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory
17 evidence are not subject to disclosure under Brady).

18 **(17)    Jencks Act Material**

19 Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal
20 Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination,
21 the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the
22 Government's possession that was made by the witness relating to the subject matter to which the
23 witness testified. 18 U.S.C. §3500(b). For purposes of the Jencks Act, a "statement" is (1) a written
24 statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially
25 verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement
26 by the witness before a grand jury. 18 U.S.C. §3500(e). If notes are read back to a witness to see
27 whether or not the government agent correctly understood what the witness was saying, that act
28 constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d

1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). There is no applicable Jencks material at this time. If the case proceeds to trial, the Government will produce any materials covered by the Jencks Act relevant to the testifying witness(es).

**(18) & (19)    Giglio Information**

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio. See United States v. Kojayan, 8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002). The Government is not aware of any Giglio information related to this case. If the Government discovers the existence of Giglio information, the information will be provided to the Defendant.

**(20)    Informants and Cooperating Witnesses**

At this time, the United States is unaware of any informants or cooperating witnesses related to this case. If the United States determines that there is a confidential informant whose identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," it will disclose that person's identity to the Court for in-chambers inspection. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

**(21)    Bias of Informants and Cooperating Witnesses**

As described elsewhere, the recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie. Such evidence, if it exists, will be disclosed prior to trial.

**(22)    Government Examination of Law Enforcement Personnel Files**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S.

Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(23)  Expert Witness**

The Government will comply with Rule 16(a)(1)(G) and provide notice prior to trial of any expert witnesses that will be called to testify at trial.[5]

### III

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT DUE TO IMPROPER GRAND JURY INSTRUCTIONS

Defendant moves to dismiss the indictment against him for alleged errors in Judge Burns's instruction of the grand jury panel. The United States explicitly incorporates by reference the briefing on this issue submitted in United States v. Bermudez-Jimenez, 07CR1372-JAH, and United States v. Martinez-Covarrubias, 07CR0491-BTM. This motion has been denied by each court that has considered it, and should also be denied in this case.

### IV

### DEFENDANT'S MOTION TO PRODUCE GRAND JURY TRANSCRIPTS

Defendant essentially argues that all Defendant's indicted by the January 2007 grand jury are entitled to review the grand jury transcripts in their case. What Defendant is really requesting is for this Court to ignore long-standing precedent that requires a defendant to meet the threshold showing of a "particularized need" that outweighs the policy of grand jury secrecy. United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). Defendant has failed to demonstrate any particularized need. The discovery produced to Defendant provides enough evidence to sustain a probable cause finding by the grand jury on each count in the indictment. Defendant has failed to articulate a particularized need sufficient to pierce the sanctity of the grand jury's proceedings in this matter. Defendant has not disputed any of the facts giving rise to probable cause on any of the elements, including the element of a removal. Therefore, this Court must deny Defendant's motion.

---

[5]  Defendant requests discovery concerning expert witnesses pursuant to Rule 16(a)(1)(E). Rule 16(a)(1)(E) pertains to documents and objects, not expert witnesses. The Government, therefore, interprets this as a request pursuant to Rule 16(a)(1)(G).

11                    Criminal Case No. 08CR1138-BTM

**V**

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant asserts that his statements should be suppressed because of the Government's failure to comply with Miranda and voluntariness. Def. Mtn. at 20. Defendant does not specify what statements he is seeking to suppress. Defendant made a statement in the field; he made no statements after being read his Miranda rights. Presumably, therefore, Defendant is only seeking to suppress his field admission, since that was the only statement that was made. This Court should deny the request to suppress Defendant's statement, which was made voluntarily and did not require Miranda rights to be read.

**A.    Standards Governing Admissibility of Statements**

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18 U.S.C. § 3501, if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. *See* Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity must occur for suppression of any statement. *See* id. (noting that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"); *cf.* Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973) ("Some of the factors taken into account have included the youth of the accused; his lack of education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep.") (citations omitted).

Immigration officers are authorized "[t]o interrogate any alien or person believed to be an alien regarding his right to be or remain in the United States." 8 U.S.C. § 1357(a)(1); 8 C.F.R. § 287.5(a). Any such interrogation must comply with constitutional standards regarding searches and seizures. See United States v. Brigoni-Ponce, 422 U.S. 873 (1975). Federal regulations codify the constitutional case law with respect to interrogations by immigration officers:

> An immigration officer, like any other person, has the right to ask questions of anyone as long as the immigration officer does not restrain the freedom of an individual, not under arrest, to walk away. If the immigration officer has a reasonable suspicion, based upon specific articulable facts, that the person being questioned is, or is attempting to be, engaged in an offense against the United States or is an alien illegally in the United States, the immigration officer may briefly detain the person for questioning.

8 C.F.R. § 287.8(b).

### B.   Standards Governing Grant or Denial of Evidentiary Hearing

Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. *See* United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1. The local rule further provides that "the Court need not grant an evidentiary hearing where either party fails to properly support its motion for opposition."

Defendant has as much information as the Government in regards to the statements he made. *See* Batiste, 868 F.2d at 1092. At least in the context of motions to suppress statements, which require police misconduct suffered by Defendant while in custody, Defendant certainly should be able to provide the facts supporting the claim of misconduct. Finally, any objection that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit. Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury." Nothing in section 3501 betrays any intent by Congress to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court. Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

### C.   Adequate Proof to Support Rejection of a Motion to Suppress

The Ninth Circuit has expressly stated that a United States proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to

adduce specific and material facts. *See* Batiste, 868 F.2d at 1092. Moreover, the Ninth Circuit has held that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress evidence because the defendant did not properly submit a declaration pursuant to a local rule. See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991); United States v. Howell, 231 F.3d 616, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); *see also* United States v. Walczak, 783 F. 2d 852, 857 (9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact exist). Even if Defendant provides factual allegations, the Court may still deny an evidentiary hearing if the grounds for suppression consist solely of conclusory allegations of illegality. *See* United States v. Wilson, 7 F.3d 828, 834-35 (9th Cir. 1993) (District Court Judge Gordon Thompson did not abuse his discretion in denying a request for an evidentiary hearing where the appellant's declaration and points and authorities submitted in support of motion to suppress indicated no contested issues of fact).

## C. Defendant's Statements Should Not Be Suppressed

In this case, although Defendant was not read his Miranda rights prior to being asked in the field about his immigration status, it was not required because he was not in custody. Defendant has not alleged any facts suggesting that he had been taken into custody. As evidenced by the probable cause statement in this case, Defendant was merely subjected to a border stop made in the presence of multiple officers and twelve other aliens. See United States v. Galindo-Gallegos, 244 F.3d 728, 730-32 (9th Cir. 2001) (no custody during border stop because questioning occurred in public with 2 officers and 15-20 suspects), amended by 255 F.3d 1154 (9th Cir. 2001). Because Defendant has failed to articulate any factual disputes that would indicate that he was in custody, his statements in the field should not be suppressed.

//
//
//


# VI

## DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

# VII

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

**A.     All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), the Government requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.     Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements

are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## V
## **CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: May 19, 2008.

                              Respectfully submitted,

                              KAREN P. HEWITT
                              United States Attorney

                              /s/***Rebecca Kanter***
                              REBECCA S. KANTER
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1138-BTM |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| ROGELIO PEREZ-GONZALEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert R. Henssler, Jr., Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2008.

/s/ ***Rebecca Kanter***
REBECCA S. KANTER