1  KAREN P. HEWITT
   United States Attorney
2  REBECCA S. KANTER
   Assistant United States Attorneys
3  California Bar Numbers 230257
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6747
   Facsimile: (619) 235-2757
6
   Attorneys for Plaintiff
7  United States of America

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1138-BTM |
   |                            | ) |                                 |
12 |                            | ) | **UNITED STATES' SUPPLEMENTAL** |
   |                            | ) | **MOTION IN LIMINE TO ADMIT**   |
13 |                            | ) | **DEFENDANT'S PRIOR STATEMENT** |
   |         Plaintiff,         | ) |                                 |
14 |                            | ) | Date:      August 1, 2008       |
   |         v.                 | ) | Time:      11:30 a.m.           |
15 |                            | ) | Courtroom: 15                   |
   |                            | ) |                                 |
16 | ROGELIO PEREZ-GONZALEZ,    | ) | The Honorable Barry T. Moskowitz |
   |                            | ) |                                 |
17 |                            | ) |                                 |
   |         Defendant.         | ) |                                 |
18 |                            | ) |                                 |
   |                            | ) |                                 |
19 |                            | ) |                                 |

20     Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States

21 Attorney, and Rebecca Kanter, Assistant United States Attorney, hereby files its Motions *in Limine*.

22 These motions are based upon the files and records of the case together with the attached statement of

23 facts and memorandum of points and authorities.

24 //

25 //

26 //

27 //

28 //

# I.

# **STATEMENT OF FACTS**

**A.    THE INSTANT OFFENSE**

On March 14, 2008, Border Patrol Agent Victor Sivilli responded to a seismic sensor activation at 10:30 a.m. near Barrett Honor Camp, which is approximately 10 miles north of the Tecate, California Port of Entry.  Upon arriving at the area of the seismic alert, Agent Sivilli observed 13 individuals.  He then radioed to Agents Taras Zacharko and John S. Tedford.  Agents Zacharko and Tedford arrived and identified themselves in English and Spanish as Border Patrol agents.  All individuals, including one later identified as Rogelio Perez-Gonzalez, admitted to being citizens and nationals of Mexico without documentation allowing them to legally enter or remain in the United States.  Defendant was transported to the Brown Field Border Patrol Station for processing.  A records check revealed that Defendant had been previously deported and had several criminal convictions in the United States.

On April 10, 2008, a federal grand jury sitting in the Southern District of California returned an Indictment charging Defendant Rogelio Perez-Gonzalez ("Defendant") with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) & (b).  Defendant was arraigned on the Indictment on April 10, 2008, and entered a plea of not guilty.

**B.    DEFENDANT'S PRIOR APPREHENSION AND ADMISSIONS**

On August 23, 2004, at approximately 2:00 a.m., Senior Border Patrol Agent Jesse Salinas responded to a seismic intrusion device approximately 18 miles east of the Tecate, California Port of Entry and 1/4 mile north of the border between Mexico and the United States.  Agent Salinas noticed fresh footprints leading north from the sensor.  He followed the footprints for approximately five and a half hours before encountering seven individuals attempting to conceal themselves in the brush.  Agent Salinas identified himself as a Border Patrol Agent and questioned the seven subjects as to their citizenship. Each individual, including one later identified as Rogelio Perez-Gonzalez, freely admitted to being citizens and nationals of Mexico with no right to remain in the United States legally. Defendant was transported along with the other six individuals to the Campo processing station.

At approximately 9:00 p.m. the same day, Border Patrol Agent Felix Padilla advised Defendant of his Consular communication privileges and also his Miranda rights in the Spanish language.

1 Defendant stated that he understood his rights but did not wish to invoke them. He agreed to speak to Agent Padilla without an attorney. Defendant told Agent Padilla that he was a citizen of Mexico and was born in Mexico on February 16, 1979. He admitted to being previously deported to Mexico. He said he had not applied for permission to re-enter the United States after his prior deportation. Defendant then signed and initialed a two-page document titled "Record of Sworn Statement in Affidavit Form," also known as a Form I-215B, which contained the Miranda warnings which were read to Defendant as well as his answers to the questions.

Defendant was not prosecuted at that time. Instead, his prior order of removal was reinstated and Defendant was removed to Mexico.

## C.  DEFENDANT'S CRIMINAL AND IMMIGRATION RECORD

Defendant was convicted on April 20, 2007, in the California Superior Court, for Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), Corporal Injury of Spouse in violation of California Penal Code Section 273.5, and False Imprisonment in violation of California Penal Code Sections 236-237(a), for which he received a term of imprisonment of two years. Defendant also sustained a felony conviction in August, 2004, in the California Municipal Court for Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377, for which he received a custodial sentence of 120 days, and received an additional 16 months in April, 2007, when he violated his probation.

Defendant was convicted in September, 2003, in the California Municipal Court for Disturbing the Peace, in violation of California Penal Code Section 415(2), for which he was sentenced to 20 days jail and two years probation. Finally, Defendant was convicted in August, 2003, for Possession of Burglary Tools, in violation of California Penal Code Section 466, for which he received a term of imprisonment of 8 days.

Defendant has been removed on at least four prior occasions. Defendant was ordered removed by Immigration Judge William J. Nickerson, Jr., on October 31, 2003. On February 12, 2008, his removal was reinstated and he was most recently removed on February 26, 2008, approximately two weeks before he was found in the United States.

//

**II**

**UNITED STATES' MOTION IN LIMINE TO ADMIT DEFENDANT'S PRIOR STATEMENT**

**A.  DEFENDANT'S PRIOR RECORDED STATEMENT IS ADMISSIBLE AS AN ADMISSION OF A PARTY-OPPONENT**

Defendant's statements to Agent Padilla on August 23, 2004, are not hearsay because they are admissions by a party which will be offered against that party. Fed. R. Evid. 801(d)(2)(A). Therefore, his statements as to his citizenship and place of birth are admissible for their truth.

**B.  DEFENDANT'S PRIOR STATEMENT WAS VOLUNTARY**

Defendant's prior statement to Agent Padilla on August 23, 2004 was voluntary and made after a voluntary waiver of his Miranda rights. Although a criminal defendant is entitled to have a judge rule on the voluntariness of a confession before it is revealed to the jury, Jackson v. Denno, 378 U.S. 368 (1964) and 18 U.S.C. § 3501, this hearing can be waived by a defendant if he fails to request a hearing. United States v. Yamashita, 527 F. 2d 954 (9 th Cir. 1975.) In this case, the United States is prepared to conduct an evidentiary hearing to establish both the voluntariness of Defendant's statement on August 23, 2004 and the voluntariness of his Miranda waiver.

**III**

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks that the Court grant its motion to admit Defendant's prior statement.

DATED: July 30, 2008.

                                                Respectfully submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                */s/ Rebecca Kanter*

                                                REBECCA S. KANTER
                                                Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1138-BTM |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| ROGELIO PEREZ-GONZALEZ, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED that:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Henssler, Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2008.

/s/ *Rebecca Kanter*
REBECCA S. KANTER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28