KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6747
Rebecca.Kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No.  08cr1138-BTM |
| Plaintiff, ) | |
| ) | GOVERNMENT'S TRIAL MEMORANDUM |
| v. ) | |
| ROGELIO PEREZ-GONZALEZ, ) | Date:         August 4, 2008 |
| ) | Time:         9:00 a.m. |
| ) | Courtroom:   15 |
| Defendant. ) | |
| ) | The Honorable Barry Ted Moskowitz |

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Rebecca S. Kanter, Assistant United States Attorney, and respectfully submits the following Trial Memorandum.

**I**

**STATEMENT OF THE CASE**

**A.     INDICTMENT**

On April 10, 2008, a federal grand jury sitting in the Southern District of California returned an Indictment charging Defendant Rogelio Perez-Gonzalez ("Defendant") with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) & (b). Defendant was arraigned on the Indictment on April 10, 2008, and entered a plea of not guilty.

//

**B.      TRIAL STATUS**

Trial is scheduled for Monday, August 4, 2008, at 9:00 a.m. before the Honorable Barry Ted Moskowitz. The United States anticipates that its case-in-chief will last one day.

**C.      STATUS OF COUNSEL**

Defendant is represented by Robert R. Henssler, Federal Defenders of San Diego, Inc.

**D.      CUSTODY STATUS**

Defendant is in custody.

**E.      INTERPRETER**

The United States does not need an interpreter for any of its witnesses.

**F.      JURY WAIVER**

Defendant has not waived trial by jury.

**G.      PRETRIAL MOTIONS**

On May 13, 2008, Defendant filed a Motion for Discovery, to Preserve Evidence, to Dismiss the Indictment Due to Improper Grand Jury Instructions, to Produce Grand Jury Transcripts, and to Suppress Statements. On May 19, 2008, the United States responded to these motions and filed a Motion for Reciprocal Discovery. On May 17, 2008, this Court heard argument on these motions. The Court granted the Motion for Discovery and to Preserve Evidence, including ordering the Government to make the A-File available for viewing by Defendant. The Court denied Defendant's Motion to Dismiss the Indictment. The Court set a motion *in limine* date of August 1, 2008, and set the case for trial on August 4, 2008. The Court set an evidentiary hearing regarding Defendant's Motion to Suppress Statements for July 21, 2008.

On July 21, 2008, the Court found the field admissions to be voluntary and denied Defendant's motion to suppress.

On July 18, 2008, the United States filed Motions *In Limine* to Admit A-File Documents, Prohibit Defendant From Challenging His Prior Order of Deportation, Admit Expert Testimony, Admit Evidence Under Rule 609 to Impeach, Prohibit Reference to Defendant's Reasons for Entering the United States, Exclude Evidence of Prior Residency, Exclude Evidence of Age, Finances, Education and Potential Punishment, Exclude Witnesses Except Case Agent, Preclude

Defense Expert Witnesses, and Compel Reciprocal Discovery. On July 30, 2008, the United States filed a Supplemental Motion *In Limine* to Admit Defendant's Statements.

On July 18, 2008, Defendant filed Motions *In Limine* to Preclude 404(b) and 609 Evidence, Preclude Deportation Documents as Evidence of Alienage, Compel Inspection of Certified Documents Pre-Trial, Preclude the A-File Custodian From Testifying About Database Searches, and Allow Impeachment of All Hearsay Declarants.

**H.    STIPULATIONS**

The Government does not anticipate any stipulations in this case.

**I.    DISCOVERY**

The United States continues to comply with its discovery obligations. Defendant has not provided any reciprocal discovery.

**II**

**STATEMENT OF THE FACTS**

**A.    THE INSTANT OFFENSE**

On March 14, 2008, Border Patrol Agent Victor Sivilli responded to a seismic sensor activation at 10:30 a.m. near Barrett Honor Camp, which is approximately 10 miles north of the Tecate, California Port of Entry. Upon arriving at the area of the seismic alert, Agent Sivilli observed 13 individuals. He then radioed to Agents Taras Zacharko and John S. Tedford. Agents Zacharko and Tedford arrived and identified themselves in English and Spanish as Border Patrol agents. All individuals, including one later identified as Rogelio Perez-Gonzalez, admitted to being citizens and nationals of Mexico without documentation allowing them to legally enter or remain in the United States. Defendant was transported to the Brown Field Border Patrol Station for processing.

**B.    DEFENDANT'S STATEMENT**

On March 14, 2008, at approximately 12:55 p.m., Defendant was read his Miranda rights by Border Patrol Agent Sergio Santana. Defendant invoked his right not to speak to agents without an attorney present. All questioning ceased.

//

## C. **DEFENDANT'S IMMIGRATION HISTORY**

Defendant has been removed on at least four prior occasions. Defendant was ordered removed by Immigration Judge William J. Nickerson, Jr., on October 31, 2003. On February 12, 2008, his removal was reinstated and he was most recently removed on February 26, 2008, approximately two weeks before he was found in the United States.

## D. **DEFENDANT'S CRIMINAL HISTORY**

A review of Defendant's criminal history reveals the following:

| Date | Case # | Nature of Conviction and Sentence |
|---|---|---|
| 08-26-03 | Newport Bch Sup. Ct #03HM02747 | Possession of Burglary Tools (Cal. Penal Code §466)(Misdemeanor) (8 days) |
| 09-03-03 | Laguna Hills Sup. Ct. #03SM03068 | Disturbing the Peace (Cal. Penal Code §415(2)) (Misdemeanor) (20 days) |
| 08-16-04 | Orange Sup. Ct. #04SF0373 | Possession of Controlled Substance (Cal. Health & Safety Code §11377) (120 days jail) |
| 04-20-07 | Orange Sup. Ct. #05SF1036 | Assault with a Deadly Weapon (Cal. Penal Code §245(a)(1)); Corporal Injury on Spouse (Cal. Penal Code §273.5); False Imprisonment (Cal. Penal Code §236-237(a)) (2 years) |

### III

### **PERTINENT LAW**

#### A. **8 U.S.C. § 1326 - DEPORTED ALIEN FOUND IN THE UNITED STATES**

The United States must prove beyond a reasonable doubt that:

1. Defendant is an alien, not a citizen of the United States;
2. Defendant was deported from the United States;
3. After deportation Defendant knowingly and voluntarily entered the United States; and
4. Defendant was found in the United States without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §9.5B (2007); United States v. Salazar-Gonzalez, 458 F.3d 851 (9th Cir. 2006).

## IV

## **WITNESSES**

The Government reserves the right to add, omit, substitute or change the order of witnesses. Presently, the Government intends to call the following witnesses during its case-in-chief:

1. Taras Zacharko, United States Border Patrol
2. Sean Braud, United States Border Patrol
3. Ricky Vargas, Immigration Enforcement Agent
4. Lisa DiMeo, Fingerprint Expert
5. Felix Padilla, United States Border Patrol

## V

## **EXHIBIT LIST**

The Government will provide a final exhibit list on the morning of trial. Presently, the Government intends to offer into evidence the following:

1. Decision and Order of the Immigration Judge (October 2003)
2. Notice of Intent/Decision to Reinstate Prior Order (Form I-871) (February 2008)
3. Warrant of Removal/Deportation (Form I-205) (February 2008)
4. Certified Certificate of Non-Existence (July 2008)
5. Record of Sworn Statement
6. Photographs of Apprehension Location
7. Maps of Apprehension Location

## VI

## **OTHER LEGAL ISSUES**

**A.    EXPERT TESTIMONY**

The United States intends to call as a witness a fingerprint expert, Lisa DiMeo, for the purpose of identifying Defendant as the person who was previously deported. Such expert testimony

should be admitted to assist the jury in understanding that this Defendant is an alien who was found in the United States after having been deported. <u>See</u> Federal Rule of Evidence 702; <u>United States v. Alonso</u>, 48 F.3d 1536, 1539 (9th Cir. 1995); <u>United States v. Lennick</u>, 18 F.3d 814, 821 (9th Cir. 1994). The United States has provided written notice of its intention to use expert testimony. This notice also included a written summary of testimony the United States intends to use pursuant to Federal Rules of Evidence 702, 703, and 705, during the trial in the above-referenced criminal matter. Accordingly, such evidence is proper and should be admitted.

### B. A-FILE DOCUMENTS AND WITNESS

The United States intends to offer documents from the "A-File" maintained by the Department of Homeland Security and its predecessors that corresponds to Defendant's name in order to establish Defendant's alienage, prior deportations, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General. The documents are self-authenticating "public records," or, alternatively, "business records." <u>See</u> Fed. R. Evid. 803(8)(B) and 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1315 (9th Cir. 1997). There, Loyola-Dominguez appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File." <u>Id.</u> at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. Loyola-Dominguez argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. <u>Id.</u> at 1318. The court noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." <u>Id.</u> (quoting <u>United States v. Hernandez-Rojas</u>, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. <u>Id.</u>

1        While <u>Loyola-Dominguez</u> constitutes a fairly recent restatement of the rules governing
2  public and business records, courts in this Circuit have consistently held that documents from a
3  defendant's immigration file are admissible in a § 1326 prosecution to establish the defendant's
4  alienage and prior deportation. See <u>United States v. Mateo-Mendez</u>, 215 F.3d 1039, 1042-45 (9th
5  Cir. 2000) (confirming district court's decision to admit certificate of nonexistence); <u>United States
6  v. Contreras</u>, 63 F.3d 852, 857-58 (9th Cir. 1995) (affirming admission of warrant of deportation,
7  deportation order and deportation hearing transcript); <u>United States v. Hernandez-Rojas</u>, 617 F.2d
8  533, 535 (9th Cir. 1980) (holding that district court properly admitted warrant of deportation as
9  public record); <u>United States v. Dekermenjian</u>, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (finding that
10 district court properly admitted "certain records and memoranda of the Immigration and
11 Naturalization Service" as business records and noting that such documents would also be
12 admissible as public records).

13       The United States intends to call United States Border Patrol Agent Sean Braud in its case-
14 in- chief.  Although Agent Braud will not give expert opinions based upon specialized knowledge,
15 he will testify regarding documents contained in Defendant's A-File. See Fed. R. Evid. 701 (such
16 testimony is "helpful to a clear understanding of the determination of a fact in issue"); <u>United States
17 v. VonWillie</u>, 59 F.3d 922, 929 (9th Cir. 1995) (finding, with regard to testimony in a drug case, that
18 "[t]hese observations are common enough and require such a limited amount of expertise, if any,
19 that they can, indeed, be deemed lay witness opinion"); <u>United States v. Loyola-Dominguez</u>, 125
20 F.3d 1315, 1317 (9th Cir. 1997) (affirming testimony of agent who "served as the conduit through
21 which the government introduced documents from INS' Alien Registry File").  Here, Agent Braud
22 will testify regarding the purpose of the A-File, what documents are contained within the A-File,
23 and will explain those documents.  Agent Braud will also testify to results of database searches that
24 he personally conducted to determine whether Defendant applied for or obtained authorization from
25 the Attorney General of the United States to enter into the United States.  As the Government
26 indicated in its motions *in limine*, such testimony is proper in a Section 1326 case.

27  //
28  //

## VII

## **PROPOSED VOIR DIRE**

1. Of those of you who have sat on criminal juries, did any of those juries fail to reach a unanimous verdict?

2. Has anyone had an unpleasant experience with any law enforcement personnel?

3. Has anyone had any disputes with any agency of the United States Government?

4. Does anyone have relatives or close friends who have been investigated, arrested, accused or charged with a crime?

5. Does anyone have relatives or close friends who have been deported or removed?

6. Does anyone have strong feelings about the United States Border Patrol or any other federal agency involved in immigration issues?

7. Does anyone believe that immigration laws are too harsh?

8. Does anyone believe everyone should be allowed to enter the United States?

9. Does anyone believe that it should be legal to enter the United States without authorization?

10. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

11. Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

12. Does anyone think that, regardless of the strength of the evidence, he/she will have trouble deciding whether the Defendant is guilty or not guilty?

13. Does anyone think he/she cannot decide whether a person is guilty or not guilty?

14. Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

//
//
//
//
//
//
//
//

# VIII

## JURY INSTRUCTIONS

The United States will submit proposed jury instructions under separate cover. The United States reserves the right to submit additional instructions at the Fed. R. Crim. P. 30 conference.

DATED: July 30, 2008.

                          Respectfully submitted,

                          KAREN P. HEWITT
                          United States Attorney

                          /s/ Rebecca Kanter

                          REBECCA S. KANTER
                          Assistant U.S. Attorney